# No. 16-50521

## IN THE

# United States Court of Appeals

### For The Fifth Circuit

———————————

## IN RE SHERMAN LAMONT FIELDS,

*Movant.*

———————————

ON MOTION FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS, WACO DIVISION (W-09-CV-009, W-01-CR-164)

## FIELDS'S OPPOSITION TO THE GOVERNMENT'S MOTION TO STAY THE BRIEFING AND RESPONSE SCHEDULE

### THIS IS A CAPITAL CASE

JEFFREY ELLIS
OREGON CAPITAL RESOURCE CTR
621 SW Morrison St., Suite 1025
Portland, OR 97205
(206) 218-7076

PETER J. ISAJIW
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100

*Attorneys for Movant*
*Sherman Lamont Fields*

Movant Sherman Lamont Fields respectfully requests that the Court deny the Government's motion, filed on May 24, 2016, to stay the current briefing and response schedule ("Gov. Mot."). On May 18, 2016, Fields filed a motion in this Court pursuant to 28 U.S.C. § 2244(b) seeking authorization to file a successive motion under 28 U.S.C. § 2255 to challenge his conviction under the residual clause of 18 U.S.C. § 924(c) for using a firearm causing death during and in relation to escape, a categorical "crime of violence" under that statute. Fields was sentenced to death solely pursuant to his conviction on this count.[1] Presumably in recognition of the thirty-day deadline imposed by 28 U.S.C. § 2244(b)(3)(D), this Court has directed the Government to file a response by noon on June 3, 2016.

Fields's challenge of his § 924(c) convictions is based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the materially indistinguishable residual clause in a neighboring subsection, 18 U.S.C. § 924(e), is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. And in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that *Johnson* announced a

---

[1]   Fields's successor § 2255 petition also challenges his noncapital convictions and sentences under the residual clause of § 924(c).

new substantive rule of constitutional law that has retroactive effect in cases on collateral review. Accordingly, *Johnson* renders the "crime of violence" definition in § 924(c)'s residual clause unconstitutionally vague, which retroactively invalidates Fields's conviction and sentence.

The Government seeks to stay Fields's case pending the *en banc* Court's decision in *United States v. Gonzalez-Longoria*, No. 15-40041 (5th Cir.), in which a panel held that *Johnson* invalidates the "crime of violence" definition in 18 U.S.C. § 16(b). *See United States v. Gonzalez-Longoria*, 813 F.3d 225, 235 (5th Cir. 2016). According to the Government, consideration of Fields's § 2244(b) motion should be stayed "in the interests of judicial economy." Gov. Mot. at 3. The Government's stay request should be denied because it is premised on a case irrelevant to this Court's inquiry, invites a violation of 28 U.S.C. § 2244(b)(3)(D), and will not promote judicial economy.

1.    The Government contends that "the *Gonzalez-Longoria* reasoning will be highly relevant" to the question of "whether *Johnson* extends to § 924(c)(3)(B)." Gov. Mot. at 3. But this goes to the merits of the *Johnson* claim that Fields seeks to bring in his successive § 2255 motion. In evaluating Fields's § 2244(b) motion for authorization to file,

this Court will not assess the merits of his *Johnson* claim.  *See, e.g.*, *In re Wood*, No. 14-11374, 2016 WL 2772275, at *2 (5th Cir. May 12, 2016) (per curiam) (citing *In re Campbell*, 750 F.3d 523, 530 (5th Cir. 2014)). Instead, it need only make a tentative determination of whether Fields has made "a prima facie showing," 28 U.S.C. § 2244(b)(3)(C), that his proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2255(h)(2).  If Fields makes that showing, this Court will authorize his filing of a successive § 2255 motion, at which point the district court will independently assess whether the *Johnson* claim satisfies the requirements of § 2244(b) before reaching the merits.  *See Brown v. Lensing*, 171 F.3d 1031, 1032 (5th Cir. 1999) (citing 28 U.S.C. § 2244(b)(4)).

Fields satisfies the gatekeeping standard that this Court will apply.  The Supreme Court has left no doubt that, in invalidating the residual clause of § 924(e) on vagueness grounds, *Johnson* announced a new substantive rule of constitutional law that was made retroactive to cases on collateral review.  *Welch*, 136 S. Ct. at 1265.  Fields, for the first time, seeks to raise a *Johnson* claim against his conviction under

3

the residual clause of § 924(c), a nearly identical statute.[2]  The holding of *Welch* is enough to "show[ ] that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."    28 U.S.C. § 2244(b)(2)(A); *accord id.* § 2255(h)(2).  The *en banc* Court's eventual decision in *Gonzalez-Longoria* may be relevant to the merits of Fields's *Johnson* claim, but that will be a question for the district court to decide after this Court makes its gatekeeping determination under § 2244(b). Accordingly, *Gonzalez-Longoria* is irrelevant to the motion now before this Court and does not support a stay.

**2.**    The Government's stay request also flouts 28 U.S.C. § 2244(b)(3)(D), which dictates that this Court "shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion."    As the Supreme Court has explained, Congress thereby commands that "[t]he court of appeals *must* make a decision on the application within 30 days." *Tyler v. Cain*,

---

[2]  This claim was unavailable to Fields until June 26, 2015, when *Johnson* was decided, and was not raised in his prior § 2255 motion.  In fact, prior to *Johnson*, the Supreme Court had repeatedly rejected suggestions by dissenting Justices that such a residual clause was unconstitutionally vague.  *See James v. United States*, 550 U.S. 192, 210 n.6 (2007); *Sykes v. United States*, 564 U.S. 1, 15 (2011).

533 U.S. 656, 664 (2001) (emphasis added); *see also In re Henry*, 757 F.3d 1151, 1157 n.9 (11th Cir. 2014); *Gray-Bey v. United States*, 201 F.3d 866, 871–75 (7th Cir. 2000) (Easterbrook, J., dissenting). This Court cannot possibly meet the thirty-day deadline, which falls on June 17, 2016, if the Government does not even file a response to Fields's § 2244(b) motion until "fourteen days after the Court issues its decision in *Gonzalez-Longoria*." Gov. Mot. at 6. This Court should decline the Government's invitation to ignore Congress and the Supreme Court.

Fields's successive § 2255 motion must be filed in the district court within one year of the date on which the right asserted was initially recognized by the Supreme Court in *Johnson*, meaning on or before June 26, 2016. *See* 28 U.S.C. § 2255(f)(3). In an abundance of caution, Fields filed his § 2244(b) motion in this Court on May 18, 2016, so that this Court could use § 2244(b)(3)(D)'s entire thirty-day period without jeopardizing the timeliness of Fields's successive § 2255 motion.[3] The Government has since waived any limitations defense.[4]

---

[3] Fields simultaneously filed his successive § 2255 motion in the district court, together with a motion to hold the case in abeyance pending authorization from this Court. The district court granted the latter motion on May 19, 2016.

[4] The Government has conceded that "Fields's filings to date satisfy the one-year limitations period outlined in 28 U.S.C. § 2244(d)(1)(C) [sic]." Gov. Mot. at 6. Moreover, in a conference on May 24, 2016, counsel for the Government advised

**3.** Finally, the Government's stay request will not promote judicial economy. During a conference on May 23, 2016, counsel for Fields offered to stay proceedings before the district court pending the *en banc* Court's decision in *Gonzalez-Longoria*, in exchange for the Government's non-opposition of Fields's § 2244(b) motion before this Court. That is the only stay that would actually further judicial economy, because the district court is tasked with determining whether and how the forthcoming decision in *Gonzalez-Longoria* affects the merits of Fields's *Johnson* claims. Fields remains amenable to an appropriate stay of proceedings in the district court to preserve judicial economy in this case.

---

that it will not assert a limitations defense as to Fields's *Johnson* claims. This waives any potential limitations defense under § 2255(f). *See, e.g.*, *Wood v. Milyard*, 132 S. Ct. 1826, 1830 (2012).

## CONCLUSION

The Court should deny the Government's motion to stay further proceedings.

Respectfully submitted,


/s/ Jeffrey Ellis
JEFFREY ELLIS
OREGON CAPITAL RESOURCE
CENTER
Oregon Bar Number 102990
Texas Bar Number 24034132
621 SW Morrison St., Suite 1025
Portland, OR 97205
(206) 218-7076
jeffreyerwinellis@gmail.com

PETER J. ISAJIW
KING & SPALDING LLP
New York Bar Number 4151239
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
pisajiw@kslaw.com

Counsel for Sherman Lamont Fields

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 25th day of May, 2016, a copy of the foregoing Opposition to the Government's Motion to Stay the Briefing and Response Schedule was served via the CM/ECF electronic filing system upon:

Gregory S. Gloff, United States Attorney
Western District of Texas
800 Franklin, Suite 280
Waco, TX 76701
Greg.Gloff@usdoj.gov

Joseph H. Gay, Jr., United States Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216
Joseph.Gay@usdoj.gov

Jennifer Sheffield Freel, United States Attorney
Western District of Texas
816 Congress Avenue, Suite 1000
Austin, TX 78701
jennifer.freel@usdoj.gov


                                        /s/ Jeffrey Ellis
                                        Jeffrey Ellis