# No. 16-50521

## In the
## United States Court of Appeals
## For the Fifth Circuit

IN RE SHERMAN LAMONT FIELDS,

**Movant.**

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

**RESPONSE OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO THE APPLICATION FOR LEAVE TO FILE A
SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255**

> **RICHARD L. DURBIN, JR.**
> United States Attorney
>
> **JENNIFER S. FREEL**
> Assistant United States Attorney
> Western District of Texas
> 816 Congress Ave., Suite 1000
> Austin, Texas 78701
> (512) 916-5858/ FAX (512) 916-5854
> **ATTORNEYS FOR APPELLEE**

## **RECOMMENDATION ON ORAL ARGUMENT**

The record and the parties' briefs adequately present the facts and legal arguments relevant to the pending motion. *See* FED. R. APP. P. 34(a)(2)(C). The United States therefore recommends that oral argument would not significantly aid the Court in its decisional process and is unnecessary. *See id.*

# TABLE OF CONTENTS

RECOMMENDATION ON ORAL ARGUMENT ........................................................ii

TABLE OF AUTHORITIES ............................................................................... iv

JURISDICTION ................................................................................................ 1

STATEMENT OF THE ISSUE ........................................................................... 1

STATEMENT OF THE CASE ............................................................................ 1

SUMMARY OF THE ARGUMENT .................................................................... 4

ARGUMENT AND AUTHORITIES .................................................................... 5

This Court should deny Fields's application because, contrary to the strict limitations Congress placed on successive § 2255 motions, it depends on an extension of precedent .................................................... 5

1.  Fields must make a *prima facie* showing that his claim is based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court—not an extension of precedent ....................................................................................... 6

2.  *Johnson* and *Welch* address the Armed Career Criminal Act's residual clause; they do not address 18 U.S.C. § 924(c)'s "crime of violence" definition ........................................................................... 8

3.  An application for leave to file a successive collateral attack is not a proper forum for articulating new rules of law; therefore, this Court should deny Fields's application ........................................... 10

CONCLUSION ................................................................................................ 14

CERTIFICATE OF SERVICE ........................................................................... 14

# LIST OF AUTHORITIES

Federal Cases

*Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001) ............................................................. 12

*Atkins v. Virginia*, 536 U.S. 304 (2002) ........................................................................ 12, 13

*Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) ................................................................. 10

*Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) ............................................. 8

*In re Chapman*, No. 16-246 (4th Cir. May 3, 2016) ............................................................. 8

*In re Jackson*, 776 F.3d 292 (5th Cir. 2015) ................................................................... 8, 11

*In re Marvin Griffin*, __ F.3d __, 2016 WL 3002293 (11th Cir. May 25, 2016) ................ 7

*In re Morris*, 328 F.3d 739 (5th Cir. 2003) .................................................................... 12

*In re Neville*, 440 F.3d 220 (5th Cir. 2006) .................................................................. 7, 12

*In re Pinder*, No. 16-12084, __ F.3d. __, 2016 WL 3081954 (11th Cir. June 1, 2016) .... 8

*In re Stine,* No. 16-40505 (5th Cir. June 2, 2016) ......................................................... 7, 10

*In re Woods*, 155 F. App'x 132 (5th Cir. 2005) .................................................................. 13

*McCleskey v. Zant*, 499 U.S. 467 (1991) ............................................................................ 6

*Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001) ............................................. 6

*Roper v. Simmons*, 543 U.S. 551 (2005) ........................................................................ 12, 13

*Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) ................................................ 8

*Turner v. United States,* No. 16-1145 (1st Cir. May 4, 2016) ............................................. 8

*Tyler v. Cain*, 533 U.S. 656 (2001) ................................................................................ 11, 12

*United States v. Fields*, 483 F.3d 313 (2007) ............................................................... 1, 2, 3

*United States v. Fields*, 761 F.3d 443 (5th Cir. 2014) ........................................................ 4

*United States v. Johnson,* 135 S. Ct. 2551 (2015) ......................................................... *passim*

*United States v. Moore*, 328 F. App'x 308 (5th Cir. 2009) ...................................................... 13

*United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) ........................................................ 9, 10

*United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) ............................................... 8, 10

*Welch v. United States*, 136 S. Ct. 1257 (2016) ..........................................................4, 5, 8, 10

*Windland v. Quarterman*, 578 F.3d 314 (5th Cir. 2009) ....................................................... 13

Federal Statutes

18 U.S.C. § 16(b) ..................................................................................................................... 10

18 U.S.C. § 371 ......................................................................................................................... 2

18 U.S.C. § 751 ......................................................................................................................... 2

18 U.S.C. § 922(g) .................................................................................................................... 3

18 U.S.C. § 924(a)(2) ................................................................................................................ 4

18 U.S.C. § 924(c)(1) .......................................................................................................... 1, 3, 8

18 U.S.C. § 924(c)(3) ........................................................................................................ *passim*

18 U.S.C. § 924(e) .................................................................................................................... 4

18 U.S.C. § 2119 ...................................................................................................................... 3

28 U.S.C. § 2244 ............................................................................................................... 1, 4, 11

28 U.S.C. § 2255 ................................................................................................................. 1, 4, 6

Federal Rules

Fed. R. App. P. 34(a)(2)(C) ..................................................................................................... ii

Federal Sentencing Guidelines

U.S.S.G. § 4B1.2(a)(2) ............................................................................................................. 7

## JURISDICTION

Fields has applied for leave to file a successive motion under 28 U.S.C. § 2255. Under, 28 U.S.C. § 2244(b)(3)(A), this Court has jurisdiction to grant or deny the request.

## STATEMENT OF THE ISSUE

Sherman Lamont Fields escaped from jail and murdered Suncerey Coleman. A jury convicted him of violating 18 U.S.C. § 924(c), using a firearm during a crime of violence, for which he received the death penalty. Fields now seeks this Court's permission to file a successive 28 U.S.C. § 2255 motion based on *United States v. Johnson*, 135 S. Ct. 2551 (2015). Should this Court deny Fields leave to file a successive collateral attack because he has failed to make the requisite *prima facie* showing?

## STATEMENT OF THE CASE

On September 26, 2001, authorities arrested Fields for being a felon in possession of a firearm. *United States v. Fields*, 483 F.3d 313, 323 (2007), *cert. denied,* 552 U.S. 1144. As a result, Fields was in federal custody at the McClennan County Detention Center in Waco, Texas. *Id.* While in custody, Fields bribed a guard, offering him $5000 in exchange for a key to the fire escape. *Id.* On November 6, 2001, using that key, Fields escaped. *Id.*

After escaping, Fields met his friend, Edward Outley. *Id.* At Fields's request, Outley provided Fields with a car and a .32 caliber revolver. *Id.* That night, Fields visited a former girlfriend, Coleman, at a hospital where she was attending to her

newborn baby. *Id.* Fields was angry with Coleman because she had seen other men while Fields was in custody. *Id.* After talking to Coleman "for some time," Fields convinced her to leave the hospital with him. *Id.* It was the last time anyone, other than Fields, saw Coleman alive.

Fields drove Coleman to a remote area outside Waco, where he raped her. *Id.* (T10:1426).[1] Fields then shot Coleman twice in the head and dragged her body from the road. *Id.* at 324. Coleman's body was found two weeks later, surrounded by brush and garbage. *Id.* at 324, 354. The body had been "subject[ed] to animal predation." *Id.* at 354.

Several days after shooting Coleman, Fields approached a nurse at Hillcrest Hospital as she was getting out of her car. *Id.* at 324. Fields, brandishing a handgun, grabbed the nurse by the throat and demanded that she get back in the car. *Id.* The nurse was able to free herself from Fields and saw Fields aim the gun at her as she ran. (T12:1736). Fields, who had managed to get the nurse's keys, drove away in her car. *Id.* Authorities arrested Fields on November 24, 2001. *Id.*

A federal jury convicted Fields of seven charges stemming from his escape and the resulting crime spree: conspiring to escape from federal custody, in violation of 18 U.S.C. § 371 (Count 1); escaping from federal custody, in violation of 18 U.S.C. § 751

---

[1] Transcripts from Fields's trial are cited as T, followed by the volume number, followed by the page number printed on the top right-hand side of each page. This Court has said, "It is unclear whether the sex was consensual." *Fields*, 483 F.3d, 323 n.2. A witness, however, testified that Fields admitted to raping Coleman before killing her. (T10:1426). Given this testimony and the fact that Coleman had recently given birth, the United States maintains that Fields raped Coleman.

2

(Count 2); using and carrying a firearm during and in relation to his escape from federal custody, resulting in intentional murder, in violation of 18 U.S.C. §§ 924(c)(1) & (j) (Count 3); carjacking, in violation of 18 U.S.C. § 2119 (Count 4); using and carrying a firearm during and in relation to the carjacking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 5); possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 6); and using and carrying a Ruger .22 caliber firearm during and in relation to his escape, in violation of 18 U.S.C. § 924(c)(1) (Count 7). *Fields*, 483 F.3d at 324. With regard to Count 3, the jury recommended the death penalty, and the district court sentenced Fields to death. *Id.* Before the sentencing hearing, Fields told a corrections officer, "[E]ven if I am convicted, they will never kill me." (T15:2100).

As to the noncapital counts, the court sentenced Fields as follows: 60 months' imprisonment on Counts One and Two, to run concurrently with each other; 115 months' imprisonment on Count Four, to run concurrently with Counts One, Two and Six; 300 months' imprisonment on Count Five, to run consecutively to Counts One, Two, Four, Six, and Seven; 115 months' imprisonment on Count Six, to run concurrently with Counts One, Two, and Four; and 300 months' imprisonment on Count Seven, to run consecutive to Counts One, Two, Three, Four, Five, and Six. (ROA.114). This amounts to 715 months' imprisonment.[2] *Fields*, 483 F.3d at 324 n.3.

---

[2] If Fields succeeds in having his § 924(c) convictions vacated, absent resentencing on the remaining counts, he will face only 115 months' imprisonment in the instant case.

On direct appeal, this Court affirmed Fields's conviction and sentence. *Id.* at 323. Fields subsequently sought relief under 28 U.S.C. § 2255, which the district court denied. (ROA.1832–1968). This Court refused Fields's request for a Certificate of Appealability of that decision. *United States v. Fields*, 761 F.3d 443, 450 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2803. On May 18, 2016, Fields applied for leave to file a successive motion under 28 U.S.C. § 2255, pursuant to 28 U.S.C. § 2244(b)(3). He also filed the successive motion in the district court, which has been stayed pending this Court's decision. *See* 6:01-CR-164-LY-1 (Order issued May 19, 2016). The successive motion concerns Counts Three, Five, and Seven.

## SUMMARY OF THE ARGUMENT

In *Johnson v. United States*, the Supreme Court held that the imposition of "an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court held that *Johnson* announced a new substantive rule with retroactive effect on collateral review because a misapplication of the ACCA subjects a defendant to a minimum of five extra years of imprisonment. *Compare* 18 U.S.C. § 924(e) (ACCA mandates minimum 15-year sentence) *with* 18 U.S.C. § 924(a)(2) (unenhanced statutory maximum is 10 years' imprisonment). *Welch*'s narrow holding—that *Johnson* announced a substantive rule in ACCA cases—has no bearing on Fields's case because Fields, quite simply, is not

4

challenging an ACCA enhancement. Instead, Fields is asking this Court to extend *Johnson* to § 924(c)(3)(B), a statutory provision outside the ACCA.

This Court's case law and the relevant statutory structure make clear that applications for successive § 2255 motions based on a proposed extension of precedent must be denied. Whether and to what extent *Johnson* can or should be extended as Fields proposes should occur in a case on direct review, and not an application for leave to file a successive collateral attack. Fields's application must be measured against the constitutional landscape as it stands today, and he may not use this proceeding as a forum to advocate for the adoption of a new constitutional rule. Because § 924(c)(3)(B) remains constitutional after both *Johnson* and *Welch*, Fields fails to make the requisite *prima facie* showing. As such, this Court should deny his application.

## ARGUMENTS AND AUTHORITIES

**This Court should deny Fields's application because, contrary to the strict limitations Congress placed on successive § 2255 motions, it depends on an extension of precedent.**

Fields seeks leave to file a successive § 2255 motion based on the Supreme Court's decisions in *Johnson* and *Welch*. (Fields Ap. 1); *see Johnson*, 135 S. Ct. at 2563; *Welch*, 136 S. Ct. at 1268. Fields contends these two cases, standing alone, require the Court to grant him the requested leave. But, as explained below, Fields has not established the necessary *prima facie* case, because *Johnson* and *Welch* do not apply to 18 U.S.C. § 924(c), the statute of conviction in the instant case.

5

**1. Fields must make a *prima facie* showing that his claim is based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court—not an extension of precedent.**

To respect the finality of convictions, "[t]he barriers to bringing second or successive [habeas corpus] motions are intentionally high." *In re Jackson*, 776 F.3d 292, 294 (5th Cir. 2015); *see also McCleskey v. Zant*, 499 U.S. 467, 492 (1991) (noting that successive federal habeas petitions further "[p]erpetual disrespect for the finality of convictions"). In order to obtain authorization to file a second or successive habeas application, a movant must make a *prima facie* showing that his application satisfies the requirements of 28 U.S.C. § 2255(h). *Reyes-Requena v. United States*, 243 F.3d 893, 898–99 (5th Cir. 2001). A movant meets the *prima facie* standard "if from the application and its supporting documents, it appears reasonably likely that the application satisfies the stringent requirements for the filing of a second or successive petition." *Id.* at 899 (internal quotation marks omitted). Fields grounds his application on § 2255(h)(2), which requires him to make a *prima facie* showing that his claim involves (1) a new rule (2) of constitutional law that was (3) previously unavailable and that (4) has been made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(h)(2).

Fields acknowledges that the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as set forth in § 2255(h), has a "gatekeeping" function. (Fields Ap. 9). His position that *Johnson* applies to a statute not considered in *Johnson*, however, would allow for a flood of petitions from inmates convicted under an array statutes. *See Johnson*, 135 S. Ct. at 2577 (Alito, J., dissenting) (noting the United States filed a 99-

page appendix identifying laws employing a standard "similar" to the ACCA's residual clause). Because of the dramatic impact of permitting otherwise final convictions to be challenged anew, Fields must make *a prima facie* showing that existing precedent establishes his right to relief. *In re Neville*, 440 F.3d 220 (5th Cir. 2006). Where a claim depends on the extension of precedent, in contrast, authorization cannot be granted. *Id.* (refusing to grant authorization for a successive § 2255 when doing so required the extension of Supreme Court precedent); *see also In re Stine*, No. 16-40505 (5th Cir. June 2, 2016) (denying request for leave to file successive habeas corpus petition and rejecting movant's assertion that *Johnson* invalidated U.S.S.G. § 4B1.2(a)(2));[3] *In re Marvin Griffin*, __ F.3d __, 2016 WL 3002293, *4 (11th Cir. May 25, 2016) (same).

In *Stine*, this Court considered *Johnson*'s effect on sentencing enhancements under U.S.S.G. § 4B1.2(a)(2), a provision with identical language to the ACCA's residual clause. No. 16-40505, June 2, 2016 Order, p. 1. The Court denied Stine's application for leave to file a successive § 2255 motion, in part, because "*Johnson* did not address U.S.S.G. § 4B1.2(a)(2)." *Id.* at p. 2. Moreover, after explaining that lower courts had disagreed about whether *Johnson* applied to the Sentencing Guidelines, the Court wrote, "[E]ven if *Johnson* does implicated U.S.S.G. § 4B1.2(a)(2), the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review." *Id.* at 2–3. Likewise, the Supreme Court

---

[3] The United States is moving to have the *Stine* order published.

has never considered whether *Johnson* applies to § 924(c)(3)(B) or, if it does, whether

such a decision applies retroactively. Therefore, as it did in *Stine*, this Court should

deny Fields's application for leave to file a successive § 2255 motion.[4]

> **2. *Johnson* and *Welch* address the Armed Career Criminal Act's residual clause; they do not address 18 U.S.C. § 924(c)'s "crime of violence" definition.**

In *Johnson*, the Supreme Court held the residual clause in the ACCA, which

defines a "violent felony," is unconstitutionally vague. 135 S. Ct. at 2563. In *Welch*, the

Court held that *Johnson* announced a new substantive rule with retroactive effect on

collateral review. 136 S. Ct. at 1268. At issue in *Johnson* and *Welch*, was the following

statutory language from the ACCA:

> The term "violent felony" means
> . . . .
> (ii) is burglary, arson, or extortion, involves use of explosives, or
> otherwise involves conduct that presents a serious potential risk of
> physical injury to another. ["residual clause"]

18 U.S.C. § 924(e)(2)(B)(ii) (text in brackets added). At issue in the instant case is the

definition of crime of violence in § 924(c), which states:

---

[4] Circuit courts that have considered whether to grant leave to file a successive § 2255 based on *Johnson*'s applicability to § 924(c)(3)(B) have reached different results under varied circumstances. *See In re Pinder*, No. 16-12084, __ F.3d. __, 2016 WL 3081954 (11th Cir. June 1, 2016) (granting leave to file successive motion, but doing so without the benefit of a response from the United States addressing § 924(c)(3)(B)); *In re Chapman*, No. 16-246, (4th Cir. May 3, 2016) (granting leave to file successive motion, but doing so without the benefit of a response from the United States); *Turner v. United States*, No. 16-1145 (1st Cir. May 4, 2016) (denying leave to file a successive motion after briefing and oral argument); *Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) (granting leave to file successive motion when the United States did not oppose leave); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (granting leave to file successive motion, in part, because of its decision in *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015)).

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and

. . . .

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). By their own terms, these two statutory provisions are, obviously, not identical and contemplate different levels of risk and causation.

Both *Johnson* and *Welch* make clear they are limited to the ACCA's residual clause. The majority opinion in *Johnson* stated, "The Government and the dissent point out that dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause [of the ACCA] unconstitutional is to place these provisions in constitutional doubt. Not at all." *Johnson*, 135 S. Ct. at 2561 (internal citation omitted). The Court explained that none of the cited laws "links a phrase such as 'substantial risk' to a confusing list of examples." *Id.* Indeed, one of "two features" in the ACCA residual clause that "conspired" to make it vague was its connection to four enumerated crimes: burglary, arson, extortion, and crimes involving the use of explosives. *Id.* at 2558. The language in § 924(c)(3)(B) does not include such a list. *See United States v. Taylor*, 814 F.3d 340, 378 (6th Cir. 2016) (rejecting vagueness challenge to § 924(c) because *Johnson* "stressed that its reasoning did not control other statutes that refer to predicate crimes").

*Welch* reaffirmed this point, emphasizing that *Johnson* "cast no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual

9

defendant engages in a particular occasion.'" 136 S. Ct. at 1261. *Welch*'s narrow holding is only that *Johnson* is retroactive in ACCA cases. Therefore, *Welch* offers no support to Fields's argument that *Johnson* applies to § 924(c)(3)(B).

> **3. An application for leave to file a successive collateral attack is not a proper forum for articulating new rules of law; therefore, this Court should deny Fields's application.**

The Supreme Court simply has not addressed the issues Fields now places before this Court: whether the provision in § 924(c)(3)(B) is unconstitutionally vague and whether, if so, such a holding would apply to cases on collateral review. As a result, he cannot satisfy § 2255(h)(2)'s requirement that a successive motion be based on a new rule of constitutional law made retroactive by the Supreme Court, and his application must fail. *See Stine*, No. 16-40505, June 2, 2016 Order, p. 2.

To be sure, *Johnson*'s reasoning provides an additional basis for challenging differently-worded residual clauses in other statutes, and some courts have extended *Johnson* in this manner. *See United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) ("Applying *Johnson*'s reasoning here, we conclude that 18 U.S.C. § 16(b) is unconstitutionally vague."); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (same); *but see Taylor*, 814 F.3d at 376 (holding *Johnson* does not apply to 18 U.S.C. § 924(c)(3)(B)). Although the merits of a challenge to § 924(c)(3)(B) are not before the Court, it should be noted that the decisions cited by Fields cannot bear the weight he assigns to them because they were decided on direct appeal (or on a petition for review of an agency determination). (Fields Ap. 3). In those settings, unlike a motion

for leave to file a successive § 2255 motion, appellate courts appropriately engage in their traditional function of deciding whether to modify or refine precedent.

Fields is pursuing a successive collateral attack on a final judgment and must, therefore, shoulder a far greater burden out of respect for heightened finality interests. *Jackson*, 776 F.3d at 294 (explaining that Congress, through AEDPA, set higher standards for successive habeas corpus motions). To meet that burden, it is not enough for Fields to argue what the law should be; rather, he must present a claim that is based on what the law is and has been recognized to be. Authorization of a successive motion cannot be based on a possible extension of precedent. Otherwise, the Court would need to announce a new rule of law for the first time in the defendant's own case, which it cannot do. *Cf. Tyler v. Cain*, 533 U.S. 656, 667 (2001) (holding that the Supreme Court cannot "today" make a new rule retroactive in the defendant's own case for purposes of a successive application).

Indeed, the statutes regulating successive § 2255 motions support this conclusion. Acting in their gatekeeping capacity, the courts of appeals are not asked to conduct a plenary merits review in these cases. Instead, they need only decide whether the defendant has made a "prima facie showing" that his claim satisfies one of two narrow sets of statutory criteria. 28 U.S.C. § 2244(b)(3)(C). Congress has imposed strict procedural limitations for courts making that determination: the proceedings are truncated, often non-adversarial, and subject to expedited disposition. *See* 28 U.S.C. § 2244(b)(3)(D) (applications must generally be decided within 30 days).

11

The 30-day time frame for decisions, in particular, is evidence that Congress generally intended the courts of appeals to make a quick up-or-down determination without the need to undertake difficult legal analysis. *See Ashley v. United States*, 266 F.3d 671, 673 (7th Cir. 2001) ("Shortness of time [for resolving successive applications] implies a mechanical process; all the court need do is look up an answer in the United States Reports."); *cf. Tyler*, 533 U.S. at 664 (AEDPA's "stringent time limit" means that the courts of appeals should not have to undertake "the difficult legal analysis that can be required to determine questions of retroactivity in the first instance"). Accordingly, when a request to file a successive § 2255 motion, like the one at issue, depends on the extension of precedent, rather than its application, this Court should deny authorization.[5]

This Court's decision in *In re Neville* illustrates that arguments in favor of extending Supreme Court precedent are insufficient grounds for a successive collateral attack. 440 F.3d 220 (5th Cir. 2006). Neville sought leave to file a successive petition for writ of habeas corpus, asserting that *Atkins v. Virginia*, 536 U.S. 304 (2002), and *Roper v. Simmons*, 543 U.S. 551 (2005), "made the execution of mentally ill persons unconstitutional." *Neville*, 440 F.3d at 221. The Court found that "[n]o such rule of

---

[5] That is not to say that a defendant must make a conclusive showing of his entitlement to relief before he may obtain authorization; he does not. As an example, the existence of a disputed factual issue that bears on whether an existing rule of law plausibly applies to a given defendant would not categorically bar the Court from granting authorization. *See In re Morris*, 328 F.3d 739, 741 (5th Cir. 2003). But when the dispute concerns the very existence of the rule of law upon which the application is based, then authorization should be denied because courts cannot articulate new rules of law in these proceedings.

constitutional law was created." *Id. Atkins* held mentally retarded individuals could not be executed (536 U.S. at 321), and *Roper* held juveniles could not be executed (543 U.S. at 579). The Court refused to extend those decisions to mentally ill persons and denied authorization to file a successive collateral attack. *Id.*; *see also In re Woods*, 155 F. App'x 132, 136 (5th Cir. 2005)[6] ("*Atkins* did not cover mental illness separate and apart from mental retardation, and Woods points to no Supreme Court case creating such a rule.").

*Neville* precludes Fields's application. As *Atkins* and *Roper* did not make the execution of the mentally ill unconstitutional, *Johnson* did not cover § 924(c) separate and apart from the ACCA. Moreover, Fields has pointed to no Supreme Court case extending it in the manner he now suggests. Therefore, as this Court in *Neville* refused to extend precedent to authorize a successive § 2255 motion, this Court should deny Fields's request for leave to file a successive collateral attack. [7]

---

[6] Unpublished opinions referenced in this response are not offered as precedent, but are cited as an "example of . . . past practice." *Windland v. Quarterman*, 578 F.3d 314, 317 n.4 (5th Cir. 2009). In the case of this Court's unpublished opinions, they are also offered "for their persuasive value and to maintain consistency in circuit law." *United States v. Moore*, 328 F. App'x 308, 309 (5th Cir. 2009).

[7] If the Supreme Court concludes that § 924(c)(3)(B) is unconstitutionally vague, and makes that ruling retroactive, Fields may again seek this Court's permission to file a successive § 2255 motion.

## CONCLUSION

For the foregoing reasons, this Court should deny Fields's request for leave to file a successive § 2255 motion.

Respectfully submitted,

RICHARD L. DURBIN, JR.
United States Attorney

By:  */s/ Jennifer S. Freel*
JENNIFER S. FREEL
Assistant United States Attorney
Texas Bar No. 24051327

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2016, I filed this document with the Fifth Circuit Court of Appeals using the CM/ECF filing system, which will cause a copy of the document to be electronically delivered to Movant's counsel, Jeffrey Ellis and Peter Isajiw, via electronic mail.

*/s/ Jennifer S. Freel*
JENNIFER S. FREEL
Assistant United States Attorney
Western District of Texas
816 Congress Ave., Suite 1000
Austin, Texas 78701
(512) 916-5858/ FAX (512) 916-5854

14