# No. 16-50521

IN THE

# United States Court of Appeals

### For The Fifth Circuit

_____

## IN RE SHERMAN LAMONT FIELDS,

*Movant.*

_____

ON MOTION FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS, WACO DIVISION (W-09-CV-009, W-01-CR-164)

## FIELDS'S UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF APPLICATION FOR LEAVE TO FILE A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

### THIS IS A CAPITAL CASE

JEFFREY ELLIS
OREGON CAPITAL RESOURCE CTR.
621 SW Morrison St., Suite 1025
Portland, OR 97205
(206) 218-7076

PETER J. ISAJIW
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100

*Attorneys for Movant*
*Sherman Lamont Fields*

Movant Sherman Lamont Fields respectfully submits this motion seeking leave to file a reply in support of Fields's application for leave to file a successive § 2255 motion, which is currently pending before the Court.

Fields filed his application for leave to file a successive § 2255 motion on May 18, 2016. The Government, at the direction of this Court, filed its response on May 3, 2016, opposing Fields's application. Fields now seeks to file a brief reply in support of his application.

Pursuant to Local Rule 25.2.4, Fields's reply is attached hereto.

Counsel for Fields have conferred with Jennifer S. Freel, counsel for the Government, on June 6, 2016, and the Government does not oppose this motion.

Accordingly, the Court should allow Fields to file a reply in this matter.

Respectfully submitted,

/s/ Jeffrey Ellis
JEFFREY ELLIS
OREGON CAPITAL RESOURCE CTR.
Oregon Bar Number 102990
Texas Bar Number 24034132
621 SW Morrison St., Suite 1025
Portland, OR 97205
(206) 218-7076
jeffreyerwinellis@gmail.com

PETER J. ISAJIW
KING & SPALDING LLP
New York Bar Number 4151239
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
pisajiw@kslaw.com

Counsel for Sherman Lamont Fields

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 6th day of June, 2016, a copy of the foregoing motion for leave to file a reply was served via the CM/ECF electronic filing system upon:

Gregory S. Gloff, United States Attorney
Western District of Texas
800 Franklin, Suite 280
Waco, TX 76701
Greg.Gloff@usdoj.gov

Joseph H. Gay, Jr., United States Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216
Joseph.Gay@usdoj.gov

Jennifer Sheffield Freel, United States Attorney
Western District of Texas
816 Congress Avenue, Suite 1000
Austin, TX 78701
jennifer.freel@usdoj.gov


/s/ Jeffrey Ellis
Jeffrey Ellis

3

# No. 16-50521

## IN THE

# United States Court of Appeals

### For The Fifth Circuit

---

## IN RE SHERMAN LAMONT FIELDS,

*Movant.*

---

ON MOTION FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS, WACO DIVISION (W-09-CV-009, W-01-CR-164)

## FIELDS'S REPLY IN SUPPORT OF APPLICATION FOR LEAVE TO FILE A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

## THIS IS A CAPITAL CASE

JEFFREY ELLIS
OREGON CAPITAL RESOURCE CTR.
621 SW Morrison St., Suite 1025
Portland, OR 97205
(206) 218-7076

PETER J. ISAJIW
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100

*Attorneys for Movant*
*Sherman Lamont Fields*

Movant Sherman Lamont Fields respectfully submits this reply in support of the 28 U.S.C. § 2244(b) motion he filed on May 18, 2016. The Government filed an opposition on June 3, 2016 ("Gov. Opp.").

## ARGUMENT

**Fields's § 2244(b) Motion Should Be Granted Because He Has Satisfied AEDPA's Modest Gatekeeping Requirements.**

To obtain leave from this Court to file a successive § 2255 motion raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), Fields needs only make "a prima facie showing" that his proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(3)(C), 2255(h)(2). Contrary to the Government's argument—which confuses the respective roles assigned by Congress to this Court and the district court—this Court will not assess the merits of Fields's *Johnson* claim at this stage. *See, e.g., In re Wood*, No. 14-11374, 2016 WL 2772275, at *2 (5th Cir. May 12, 2016) (per curiam) (citing *In re Campbell*, 750 F.3d 523, 530 (5th Cir. 2014)). Instead, it will make a tentative determination of whether Fields has satisfied the gatekeeping requirements of § 2244(b). If he has, then this Court will authorize his filing of a successive § 2255 motion, at which

point the district court will independently assess whether the *Johnson* claim satisfies the requirements of § 2244(b) before reaching the merits. *See Brown v. Lensing*, 171 F.3d 1031, 1032 (5th Cir. 1999) (citing 28 U.S.C. § 2244(b)(4)).

Fields has made the requisite prima facie showing. That would explain why no fewer than four sister circuits have authorized successive § 2255 motions by prisoners who, like Fields, seek to bring a *Johnson* claim with respect to the residual clause of 18 U.S.C. § 924(c). *See, e.g., In re Pinder*, No. 16-12084, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016) (per curiam); *In re Chapman*, No. 16-246 (4th Cir. May 3, 2016) (per curiam); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (per curiam); *Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) (per curiam); *but see Turner v. United States*, No. 16-1145 (1st Cir. May 4, 2016) (per curiam). District courts in the Second, Fourth, Seventh, and Eleventh Circuits are now studying whether *Johnson*'s new rule, which was made retroactive in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), invalidates a conviction under a neighboring subsection of the statute at issue in *Johnson*. The district court should have an opportunity to conduct the same inquiry here.

2

The Government correctly concedes that "[t]he 30-day time frame for decisions [under 28 U.S.C. § 2244(b)(3)(D)] is evidence that Congress generally intended the courts of appeals to make a quick up-or-down determination without the need to undertake difficult legal analysis." Gov. Opp. at 12.  But the Government then improperly asks this Court to decide on the merits whether *Johnson* actually invalidates § 924(c). That onerous request is inconsistent with the gatekeeping role that § 2244(b) assigns to this Court during this 30-day period.  Fields, in contrast, asks only that this Court determine whether the *Johnson* holding *could* apply to § 924(c), leaving it to the district court to make a de novo determination of whether *Johnson* actually applies.

The lopsided circuit split noted above counsels strongly in favor of granting Fields's § 2244(b) motion.  *See also* Gov. Opp. at 8 n.4 (noting the split).  A denial at this juncture, when the Court is only "mak[ing] a quick up-or-down determination," *id.* at 12, will prevent Fields from seeking resolution of the circuit split before the en banc Fifth Circuit or the Supreme Court.  *See* 28 U.S.C. § 2244(b)(3)(E) (dictating that such a denial "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari").  Granting Fields's § 2244(b)

3

motion will allow the district court to make an independent determination, unconstrained by a 30-day deadline, as to whether Fields's *Johnson* claim satisfies the requirements of § 2244(b). The district court's decision will be appealable in the ordinary course, allowing for an orderly resolution of this important issue. This Court should not make the rush to judgment that the Government invites.

The Government is wrong to argue that *In re Stine*, No. 16-40505 (5th Cir. June 2, 2016) (per curiam), supports denying Fields's petition. *See* Gov. Opp. at 7–8. In *Stine*, a divided panel of this Court denied leave to file a successive § 2255 motion raising a *Johnson* challenge to the residual clause of a sentencing guideline, U.S.S.G. § 4B1.2(a)(2). The *Stine* Court's reasoning turned on whether an *advisory* sentencing guideline is susceptible to the same *Johnson* challenge as a *mandatory* sentence-enhancement statute. The majority held that it is not, reasoning that the "Supreme Court [has not] held that a Sentencing Guidelines enhancement that increases the guidelines range implicates the same due process concerns as a statute that increases a statutory penalty." *Stine*, slip op. at 2. The dissent, on the other hand, posited that "the Guidelines are subject to constitutional challenge

4

notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Id.* at 3 (Graves, J., dissenting) (internal quotation marks omitted).   The sentencing-guidelines debate that played out in *Stine* has no bearing on Fields's case, which asks whether *Johnson*'s invalidation of § 924(e) governs § 924(c), a neighboring subsection of the same statue in which Congress used materially indistinguishable language.

Moreover, other panels of this Court have granted leave to file successive § 2255 motions raising *Johnson* claims against U.S.S.G. § 4B1.2(a)(2).  *See, e.g., In re Holston*, No. 16-50213, slip op. at 2 (5th Cir. May 17, 2016) (per curiam) ("Without expressing an opinion regarding the merits of Holston's claims or whether *Johnson* applies to § 4B1.2(a)(2), we conclude that Holston has made a sufficient showing of possible merit to warrant a fuller exploration by the district court.") (internal quotation marks omitted); *In re Rodriguez*, 16-10393, slip op. at 2 (5th Cir. May 17, 2016) (same).  Having thus given other prisoners an opportunity to pursue *Johnson* claims in the sentencing-guidelines context, it would be startlingly inconsistent to deny equal treatment in this capital case involving the same statutory section as *Johnson*.

The Government's reliance on *In re Neville*, 440 F.3d 220 (5th Cir. 2006) (per curiam), is similarly misplaced. *See* Gov. Opp. at 7, 12. In that case, the Court denied leave to file a successive § 2255 motion claiming that *Atkins v. Virginia*, 536 U.S. 304 (2002), which forbade execution of a person with an intellectual disability, and *Roper v. Simmons*, 543 U.S. 551 (2005), which forbade execution of a juvenile, meant that the government could not execute a mentally ill adult. *See Neville*, 440 F.3d at 221. Not surprisingly, the Court held that the prisoner's putative new rule did not really exist. *Id.* But mental illness is qualitatively different from intellectual disability. By contrast, Fields is asking this Court to grant leave based on the current state of the law under *Johnson*, as opposed to an argument of how the law should be.

Finally, the Government soothingly suggests that "Fields may again seek this Court's permission to file a successive § 2255 motion" if the Supreme Court eventually holds that § 924(c) is unconstitutional under *Johnson*. Gov. Opp. at 13 n.7. But it is not at all clear that such a § 2255 motion would be timely under 28 U.S.C. § 2255(f)(3), though the Government has probably waived any potential limitations defense. *See Wood v. Milyard*, 132 S. Ct. 1826, 1830 (2012). It is also unclear

6

whether such a § 2255 motion would be barred by Fields's having presented the *Johnson* claim here. *See* 28 U.S.C. § 2244(b)(1). This successive § 2255 motion may be Fields's last chance to raise a *Johnson* claim against his unconstitutional sentence of death.

## CONCLUSION

The Court should grant Fields's § 2244(b) motion.

Respectfully submitted,

/s/ Jeffrey Ellis
JEFFREY ELLIS
OREGON CAPITAL RESOURCE CTR.
Oregon Bar Number 102990
Texas Bar Number 24034132
621 SW Morrison St., Suite 1025
Portland, OR 97205
(206) 218-7076
jeffreyerwinellis@gmail.com

PETER J. ISAJIW
KING & SPALDING LLP
New York Bar Number 4151239
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
pisajiw@kslaw.com

Counsel for Sherman Lamont Fields

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 6th day of June, 2016, a copy of the foregoing reply was served via the CM/ECF electronic filing system upon:

Gregory S. Gloff, United States Attorney
Western District of Texas
800 Franklin, Suite 280
Waco, TX 76701
Greg.Gloff@usdoj.gov

Joseph H. Gay, Jr., United States Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216
Joseph.Gay@usdoj.gov

Jennifer Sheffield Freel, United States Attorney
Western District of Texas
816 Congress Avenue, Suite 1000
Austin, TX 78701
jennifer.freel@usdoj.gov

/s/ Jeffrey Ellis
Jeffrey Ellis

8

# Exhibit B

# Unpublished Decisions

FILED: May 3, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 16-246**
**(1:03-cr-00296-LMB-6)**

───────────

In re:  SEIFULLAH CHAPMAN,

        Movant.

───────────

O R D E R

───────────

Seiffulah Chapman has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Chapman has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, __ S. Ct. __, No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016), may apply to his case.  We grant authorization for Chapman to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim

relying on the Supreme Court's decision in <u>Johnson</u> expires on June 26, 2016.

Entered at the direction of the panel: Judge Wilkinson, Judge Shedd, and Senior Judge Davis.

For the Court

<u>/s/ Patricia S. Connor, Clerk</u>

S.D.N.Y. – N.Y.C.
02-cr-150
Preska, C.J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

_____

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand sixteen.

Present:     Reena Raggi,
             Richard C. Wesley,
             Christopher F. Droney,
                  *Circuit Judges.*

_____

Michael Freeman,
                  *Petitioner,*


        v.                                                    15-3687


United States of America,
                  *Respondent.*

_____

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion in the United States District Court for the Southern District of New York. The United States does not oppose. Upon due consideration, it is hereby ORDERED that Petitioner's motion for leave to file a successive § 2255 motion is GRANTED because he has made a *prima facie* showing that he satisfies the successive motion requirements with respect to his proposed claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that imposition of enhanced sentence under residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e), violates Due Process Clause).

This Court has determined only that Petitioner has made the requisite *prima facie* showing, *see* 28 U.S.C. § 2244(b)(3)(C), and the district court is directed to address, as a preliminary inquiry under § 2244(b)(4), whether *Johnson* announced a new rule of constitutional law made retroactive to cases on collateral review and, thus, permits Petitioner's new § 2255 claim to proceed. *See Welch v. United States*, --- S.Ct. ---, 2016 WL 90594 (Jan. 8, 2016) (granting writ of certiorari on retroactivity of *Johnson*).

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe, Clerk of Court



# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

―――――

No. 16-50213

―――――

In re: ALBERT JAMES HOLSTON,

                                                          Movant

**A True Copy**
**Certified order issued May 17, 2016**

*Tyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**

―――――

Motion for an order authorizing the
United States District Court for the
Western District of Texas, Waco to consider a
successive 28 U.S.C. § 2255 motion

―――――

Before  CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:

 Albert James Holston, federal prisoner # 68892-280, moves for authorization to file a successive 28 U.S.C. § 2255 motion.  He was convicted of conspiring to possess with intent to distribute at least 1,000 kilograms of marijuana and conspiring to launder money and sentenced to a total of 262 months of imprisonment and five years of supervised release.  He may file a successive § 2255 motion if he makes a prima facie showing that his motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  § 2255(h)(2).

        Holston was sentenced as a career offender based in part on a prior conviction that was deemed a crime of violence under the so-called residual clause of U.S.S.G. § 4B1.2(a)(2).  *United States v. Holston*, 471 F. App'x 308,

308 (5th Cir. 2012).  In *Johnson v. United States*, 135 S. Ct. 2551, 2555-57, No. 16-50213

2563 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and that imposing an increased sentence under the residual clause violates the Constitution's guarantee of due process.  Holston seeks application of *Johnson* to the identically-worded residual clause of § 4B1.2(a)(2).

*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).  Without expressing an opinion regarding the merits of Holston's claims or whether *Johnson* applies to § 4B1.2(a)(2), we conclude that Holston has made "a sufficient showing of possible merit to warrant a fuller exploration by the district court."  *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001) (internal quotation marks and citation omitted).

Accordingly, IT IS ORDERED that Holston's motion for authorization is GRANTED.  Our grant of authorization is tentative in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Holston has failed to make the showing required to file such a motion. *See* 28 U.S.C. § 2244(b)(4).

2

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

————

No. 16-10393

————

In re: JESSE B. RODRIGUEZ,

Movant

A True Copy
Certified order issued May 17, 2016

*Tyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

————————

Motion for an order authorizing the
United States District Court for the
Northern District of Texas, San Angelo to consider
a successive 28 U.S.C. § 2255 motion

————————

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:

Jesse B. Rodriguez, federal prisoner # 36590-177, moves for authorization to file a successive 28 U.S.C. § 2255 motion. He may file a successive motion if he makes a prima facie showing that his motion "contain[s]" either "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 897-98 (5th Cir. 2001). Rodriguez relies on the "new rule" prong.

Rodriguez was sentenced as a career offender based in part on a prior conviction that was deemed a "crime of violence" under the so-called residual clause of U.S.S.G. § 4B1.2(a)(2). In *Johnson v. United States*, 135 S. Ct. 2551,

2555-57, 2563 (2015), the Supreme Court invalidated, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). Rodriguez seeks application of *Johnson* to the identically worded residual clause of § 4B1.2(a)(2).

*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016). Without expressing an opinion regarding the merits of Rodriguez's claims or whether *Johnson* applies to § 4B1.2(a)(2), we conclude that Rodriguez has made "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *ReyesRequena*, 243 F.3d at 899 (internal quotation marks and citation omitted).

Accordingly, IT IS ORDERED that Rodriguez's motion for authorization is GRANTED. Our grant of authorization is tentative in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Rodriguez has failed to make the showing required to file such a motion. *See* 28 U.S.C. § 2244(b)(4); *Reyes-Requena*, 243 F.3d at 899.

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 2, 2016
Decided February 19, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 16-1193

JESUS RUIZ,
    *Applicant*,

    *v.*

UNITED STATES OF AMERICA,
    *Respondent*.

On Motion for an Order Authorizing the District Court to Entertain a Second or Successive Motion for Collateral Review.

**O R D E R**

Jesus Ruiz has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate under § 2255. Ruiz was convicted of three counts of using a firearm in connection with a crime of violence, 18 U.S.C. § 924(c). Ruiz wants to challenge those convictions under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. Because *Johnson* announced a new substantive rule of constitutional law, it has retroactive application. *Price v. United States*, 795 F.3d 731 (7th Cir. 2015).

The government concedes Ruiz's ability to make a prima facie showing that his convictions were based on the definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B), which is similar to the residual clause of the Armed Career Criminal Act. The

government argues, though, that § 924(c)(3)(B) differs enough from the ACCA's residual clause that it was not invalidated by *Johnson*. But that subsection is identical to 18 U.S.C. § 16(b), which we held is unconstitutionally vague under *Johnson*. *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015).

Accordingly, we **GRANT** Ruiz's application and **AUTHORIZE** the district court to consider his claim.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-40505

————

In re: MIKEAL GLEN STINE,

Movant

————

Motion for an order authorizing
the United States District Court for the
Southern District of Texas, Victoria to consider
a successive 28 U.S.C. § 2255 motion

————

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:

Mikeal Glen Stine, federal prisoner # 55436-098, moves for authorization to file a successive 28 U.S.C. § 2255 motion. He may file a successive motion if he makes a prima facie showing that his motion "contain[s]" either "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 897–98 (5th Cir. 2001). Stine relies on the "new rule" prong.

Stine was sentenced as a career offender based in part on prior convictions that were deemed "crimes of violence" under the so-called residual clause of U.S.S.G. § 4B1.2(a)(2). *United States v. Stine*, 122 F. App'x 103, 103 (5th Cir. 2005), *opinion withdrawn but reinstated with additional reasons by*

No. 16-40505

*United States v. Stine*, Nos. 04-40561 & 04-40582, 2005 WL 6225365 (5th Cir. May 24, 2005). In *Johnson v. United States*, 135 S. Ct. 2551, 2555–57, 2563 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. Stine seeks application of *Johnson* to the identically worded residual clause of U.S.S.G. § 4B1.2(a)(2).

*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016). However, *Johnson* did not address U.S.S.G. § 4B1.2(a)(2). *See Johnson*, 135 S. Ct. at 2555–57. Nor has the Supreme Court held that a Sentencing Guidelines enhancement that increases the guidelines range implicates the same due process concerns as a statute that increases a statutory penalty. *See United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990); *see also United States v. Wilson*, 622 F. App'x 393, 405 n.51 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 992 (2016). Indeed, even in the context of direct appeals (as opposed to the collateral review we consider here) federal courts of appeals are split on whether *Johnson* applies to a Sentencing Guideline provision. *Compare Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015); *United States v. Maldonado*, 2016 WL 229833 (2d Cir. Jan. 20, 2016); *United States v. Goodwin*, 2015 WL 5167789, at * 3 (10th Cir. Sept. 4, 2015) (all applying *Johnson* to U.S.S.G. § 4B.1.2(a)(2)), *with United States v. Matchett*, 802 F.3d 1185, 1194–95 (11th Cir. 2015) (holding that a Guidelines provisions may not be challenged on void-for-vagueness grounds); *see also United States v. Taylor*, 803 F.3d 931, 933–35 (8th Cir. 2015) (Colloton, J., dissenting). This disagreement among lower court judges demonstrates that the Supreme Court has not taken a position on whether *Johnson* applies to the Guidelines. Further, even if *Johnson* does implicate U.S.S.G. § 4B1.2(a)(2),

No. 16-40505

the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review. Stine has therefore not shown that he is entitled to authorization to proceed based on *Johnson*.

IT IS ORDERED that Stine's motion and supplemental motions for authorization are DENIED.

GRAVES, Circuit Judge, dissenting:

I disagree with the majority's decision to deny Mikeal Glen Stine's motion for authorization to file a successive 28 U.S.C. § 2255 motion. Stine has made a prima facie showing that he is entitled to relief due to "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 897–98 (5th Cir. 2011). Therefore, I respectfully dissent.

In concluding that Stine's motion for authorization warrants denial, the majority opines that United States Sentencing Guidelines provisions are not susceptible to vagueness challenges. We have not yet, in a published decision, explicitly addressed whether a defendant can challenge the Guidelines for vagueness. But the Supreme Court's *Peugh v. United States*, 133 S. Ct. 2072 (2013) decision offers helpful guidance. The Court held that the Guidelines are subject to constitutional challenge "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Id.* at 2082. Since *Peugh*—except for the Eleventh Circuit's lonely view in *United States v. Matchett*, 802 F.3d 1185, 1194–96 (11th Cir. 2015)—our sister circuits overwhelmingly agree that the Guidelines provisions are subject to vagueness challenges. *See United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015); *United States v. Pawlak*, ---F.3d----, 2016 WL 2802723 (6th Cir. May

3

No. 16-40505

13, 2016); *Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015); *United States v. Taylor*, 803 F.3d 931 (8th Cir. 2015); *United States v. Maldanado*, 2016 WL 229833 (2d Cir. Jan. 20, 2016); *United States v. Townsend*, 2015 WL 9311394 (3d Cir. Dec. 23, 2015). I agree.

This growing consensus allowing challenges to a Guideline following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), further supports the application of that decision to this case—and my view that this application is proper. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Id.* at 2555–57, 2563. The residual clause of the Guideline at issue here—U.S.S.G. § 4B1.2(a)(2)—is identical to the residual clause invalidated in *Johnson*. In fact, in this circuit, interpretation of one of these residual clauses often lends itself to interpretation of the other. *See United States v. Gore*, 636 F.3d 728, 745 (5th Cir. 2012) (Higginbotham, J., concurring) (the Fifth Circuit "applie[s] [its] holdings under the residual clause of the ACCA to analyze the definition of crimes of violence under § 4B1.2, and vice versa.")). It stands to reason, then, that the same analysis applied in *Johnson* applies in this context; thus, the same conclusion must be reached.

There is no question that *Johnson* announced a new, retroactively applicable rule of constitutional law. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016). The majority reasons, however, that *Johnson* did not address U.S.S.G. § 4B1.2(a)(2). I do not share this view. Instead, I am persuaded that the Supreme Court's discussion in *Johnson* regarding the ACCA's residual clause applies with equal force to the identically-worded residual clause of § 4B1.2(a)(2). Meaning, § 4B1.2(a)(2)'s residual clause is not immune from the same issues that plagued the ACCA's residual clause simply because it was not *specifically* addressed in *Johnson*. Other panels of this court have implicitly

4

No. 16-40505

arrived at this conclusion, holding as follows: "Without expressing an opinion regarding the merits of [the defendant's] claims or whether *Johnson* applies to § 4B1.2(a)(2), we conclude that [the defendant] has made a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Holston*, No. 16-50213 (5th Cir. May 17, 2016); *In re Rodriguez*, 16-10393 (5th Cir. May 17, 2016). While we chose not to explore the merits in those cases, two of our sister circuits—the Sixth Circuit in *In re Grant*, No. 15-5795 (6th Cir. May 7, 2016) and the Tenth Circuit in *In re Encinias*, ---F.3d----, 2016 WL 1719323 (10th Cir. Apr. 29, 2016)—have directly confronted the arguments made here. In both instances, the respective circuit courts examined the issue and consequently authorized filings of successive § 2255 motions. In light of these considerations, I am convinced that Stine has made a prima facie showing that he is entitled to proceed based on *Johnson*. Therefore, I respectfully dissent.

5