# EXHIBIT
# A

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORNELL EUGENE WILSON, Jr., a.k.a Black, Dr.,<br><br>               Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | No. 15-73778<br><br>D.C. No. 2:00-cr-01025-JFW<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before:      REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

The stay of proceedings is lifted in light of the Supreme Court's decision in

*Welch v. United States*, 136 S. Ct. 1257 (2016).

Petitioner's application for authorization to file a second or successive 28

U.S.C. § 2255 motion makes a prima facie showing under *Johnson v. United*

*States*, 135 S. Ct. 2551 (2015).  The application is granted.  *See Welch*, 136 S. Ct.

at 1264-68 (*Johnson* announced a new substantive rule that has retroactive effect in

cases on collateral review).

The Clerk shall transfer the section 2255 motion filed on December 16,

2015, to the United States District Court for the Central District of California.  The

motion shall be deemed filed in the district court on November 20, 2015, the date

on which it was delivered to prison authorities for forwarding to this court. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 270 (1988).

The district court may wish to stay proceedings pending this court's decisions in 15-72559, *Gardner v. United States*, 15-73302, *Jacob v. United States*, and 14-10080, *Begay v. United States*.

The Clerk shall serve this order and the application directly on the chambers of the Honorable John F. Walter.

The Clerk shall send an electronic courtesy copy of this order to Deputy Federal Public Defender Brianna Fuller Mircheff, 321 East 2nd Street, Los Angeles, CA 90012-4202, for informational purposes.

Any pending motions are denied as moot.

Upon transfer of the motion, the Clerk shall close this original action in this court.

No further filings will be entertained in this case.

FILED

UNITED STATES COURT OF APPEALS

JUN 02 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT SHERMAN BERRY, a.k.a. Jim Preston,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. 16-71332<br><br>D.C. No. 2:96-cr-00259-WFN<br>Eastern District of Washington,<br>Spokane<br><br>ORDER |

Before:     REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Petitioner's application for authorization to file a second or successive 28 U.S.C. § 2255 motion makes a prima facie showing under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The application is granted. *See Welch v. United States*, 136 S. Ct. 1257, 1264-68 (2016) (*Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review).

The Clerk shall transfer the section 2255 motion filed on May 6, 2016, to the United States District Court for the Eastern District of Washington. The motion shall be deemed filed in the district court on May 3, 2016, the date on which it was delivered to prison authorities for forwarding to this court. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 270 (1988). The district court may wish to

stay proceedings pending this court's decision in 14-10080, *United States v. Begay*.

The Clerk shall serve this order directly on the chambers of the Honorable Wm. Fremming Nielsen.

The Clerk shall send an electronic courtesy copy of this order to Andrea K. George, Federal Defenders of Eastern Washington and Idaho, 10 North Post, Suite 700, Spokane, WA 99201, for informational purposes.

Upon transfer of the motion, the Clerk shall close this original action in this court.

No further filings will be entertained in this case.

FILED: May 3, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-398**
**(3:11-cr-00403-FDW-2)**

---

In re: JAMES POWELL, a/k/a James Powell, IV,

Movant.

---

O R D E R

---

James Powell has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Powell has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, ___ S. Ct. ___ , No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016), may apply to his case.  We grant authorization for Powell to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

Entered at the direction of the panel:   Judge Agee, Judge Keenan, and Senior Judge Hamilton.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 16, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-205
(7:97-cr-00024-SGW-5)

In re:  OBADYA HANAFIE ABED,

          Movant.

O R D E R

Obadya Hanafie Abed has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Abed has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, __ S. Ct. __, No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016), may apply to his case.  We grant authorization for Abed to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.*    The  one-year  limitations  period  of  28  U.S.C.

---

* Abed's § 2244 motion had been held in formal abeyance for In re Hubbard, No. 15-276, in which this court was expected to address the retroactivity of Johnson.  As this issue has now been resolved by Welch, the motion is ripe for disposition.

§ 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in <u>Johnson</u> expires on June 26, 2016.

Entered at the direction of the panel:  Judge Niemeyer, Judge King, and Senior Judge Hamilton.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 13, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-388
(1:05-cr-00061-JFM-6)

_____

In re:  TERRENCE SMITH,

Movant.

_____

O R D E R

_____

Terrence Smith has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Smith has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, __ S. Ct. __, No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016), may apply to his case.  We grant authorization for Smith to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

2

Entered at the direction of the panel: Judge Niemeyer, Judge Agee, and Judge Floyd.

For the Court

/s/ Patricia S. Connor, Clerk

Appeal: 16-591    Doc: 8-2    Filed: 05/18/2016    Pg: 1 of 2

FILED: May 18, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-591
(1:12-cr-00412-CCB-1)

_____

In re:  GERALD JEROME RICE,

Movant.


_____

O R D E R

_____


Gerald Jerome Rice has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Rice has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We grant authorization for Rice to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

Entered at the direction of the panel:  Judge Keenan, Judge Floyd, and Senior Judge Davis.

For the Court

/s/ Patricia S. Connor, Clerk

Appeal: 16-653      Doc: 9-2      Filed: 05/19/2016      Pg: 1 of 2

FILED: May 19,2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-653
(1:98-cr-00034-WDQ-1)**

In re:  DANIEL L. SPENCE, a/k/a Daniel L. Johnson,

Movant.

O R D E R

Daniel L. Spence has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h)(2) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Spence has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We grant authorization for Spence to file a second or successive § 2255 motion, thus permitting the district court to consider the motion in the first instance.  Pursuant to 28 U.S.C. § 2255(f)(3), the one-year limitations period for filing a § 2255 motion raising a Johnson claim expires on June 26, 2016.

Entered at the direction of the panel:  Judge Motz, Judge King, and Judge Diaz.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 19, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-583
(8:94-cr-00441-PJM-1)

In re: DAMON JONES,

Movant.


O R D E R


Damon Jones has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. Jones has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case. We grant authorization for Jones to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance. The one-year limitations period of 28 U.S.C. § 2255(f)(3) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

Entered at the direction of the panel:   Judge King, Judge Wynn, and Judge Harris.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 18, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-587
(8:04-cr-00495-AW-1)

In re:  SHAMSADEEN IBN PURVIS,

Movant.

O R D E R

Shamsadeen Ibn Purvis has filed a motion under 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Purvis has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review in Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  Therefore, we grant him authorization to file a second or successive § 2255 motion based on Johnson, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitation period under 28 U.S.C. § 2255(f)(3) (2012) for filing a motion based on Johnson ends on June 26, 2016.

Entered at the direction of the panel:  Judge King, Judge Agee, and Senior Judge Davis.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 19, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-619**
**(1:12-cr-00528-ELH-2)**

_____

In re:  RICO LAMONT BIAS,

Movant.

_____

O R D E R

_____

Rico Lamont Bias has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Bias has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We grant authorization for Bias to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

Entered at the direction of the panel: Judge Shedd, Judge Harris, and Senior Judge Davis.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 23, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 16-633
(1:03-cr-00544-JFM-1)

───────────────

In re: KARIEF YOUMANS,

                    Movant.

───────────────

O R D E R

───────────────

Karief Youmans has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Youmans has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We grant authorization for Youmans to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

2

Entered at the direction of the panel:  Judge Duncan, Judge Keenan, and Senior Judge Davis.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 24, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-581**
**(1:10-cr-00783-CCB-1)**

———————

In re: RACHAEL NICOLE DOLLY,

Movant.


———————

O R D E R

———————


Rachael Nicole Dolly has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. Dolly has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to her case. We grant authorization for Dolly to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance. The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

Entered at the direction of the panel:  Judge King, Judge Agee, and Judge Wynn.

For the Court

/s/ Patricia S. Connor, Clerk

Appeal: 16-586    Doc: 8-2    Filed: 05/24/2016    Pg: 1 of 2

FILED: May 24, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-586
(8:02-cr-00178-PJM-2)

_____

In re:  ALEXANDER MARTIN, JR., a/k/a Turk,

Movant.

_____

O R D E R

_____

Alexander Martin, Jr., has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Martin has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We grant authorization for Martin to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

2

Entered at the direction of the panel:  Judge Niemeyer, Judge Wynn, and Judge Harris.

For the Court

/s/ Patricia S. Connor, Clerk

Appeal: 16-566    Doc: 8-2    Filed: 05/25/2016    Pg: 1 of 2

FILED: May 25, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-566**
**(1:07-cr-00383-CCB-1)**

In re: RAHSEAN HOLMES, a/k/a Ox,

    Movant.

O R D E R

Rahsean Holmes has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. Holmes has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case. We grant authorization for Holmes to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance. The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

2

Entered  at  the  direction  of  the  panel:   Judge  Niemeyer, Judge King, and Judge Shedd.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 26, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-560
(1:08-cr-00565-RDB-1)

In re: RAY BLANKS,

Movant.

O R D E R

Ray Blanks has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. Blanks has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case. We grant authorization for Blanks to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance. The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

Entered at the direction of the panel:  Judge Motz, Judge Shedd, and Judge Agee.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 26, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-573
(8:03-cr-00280-RDB-1)

_____

In re:  CRAIG DUSHAW HINES,

Movant.

_____

O R D E R

_____

Craig Dushaw Hines has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Hines has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We grant authorization for Hines to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

2

Entered at the direction of the panel:  Judge Wilkinson, Judge Shedd, and Judge Duncan

For the Court

/s/ Patricia S. Connor, Clerk

Appeal: 16-572    Doc: 9-2    Filed: 05/26/2016    Pg: 1 of 2

FILED: May 26, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-572
(8:02-cr-00178-PJM-1)

_____

In re:  GREGORY JOHNSON, a/k/a Little Greg,

Movant.

_____

O R D E R

_____

Gregory Johnson has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Johnson has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We grant authorization for Johnson to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

2

Entered at the direction of the panel: Judge Gregory, Judge

Shedd, and Judge Keenan.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 26, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-567**
**(1:08-cr-00565-RDB-3)**

_____

In re: DANNY JONES,

      Movant.

_____

O R D E R

_____

Danny Jones has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Jones has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We grant authorization for Jones to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

Entered at the direction of the panel:  Judge Motz, Judge Shedd, and Judge Diaz.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 26, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-582
(8:11-cr-00525-PJM-1)

In re: BYRON MITCHELL,

　　　　　　Movant.

O R D E R

Byron Mitchell, through counsel, has filed a motion pursuant to 28 U.S.C. §§ 2244(b), 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. Mitchell has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review in Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case. Accordingly, we grant Mitchell authorization to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance. The one-year limitations period under 28 U.S.C. § 2255(f)(3) for filing a § 2255 motion based on the Supreme Court's decision in Johnson expires on June 26, 2016.

Entered at the direction of the panel:  Judge Duncan, Judge Diaz, and Senior Judge Davis.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 27, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 16-602
(1:08-cr-00046-JFM-1)

———————————

In re:  TROY HENLEY,

          Movant.

———————————

O R D E R

———————————

Troy Henley has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Henley has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We grant authorization for Henley to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

2

Entered at the direction of the panel:  Judge King, Judge Keenan, and Judge Diaz.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 27, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 16-600**
**(1:01-cr-00188-CCB-1)**

—————————

In re:  ARMISTEAD D. MYERS,

Movant.

—————————

O R D E R

—————————

Armistead D. Myers has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Myers has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We grant authorization for Myers to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  Pursuant to 28 U.S.C. § 2255(f)(3), the one-year limitations period for filing a § 2255 motion raising a Johnson claim expires on June 26, 2016.

Entered at the direction of the panel:  Judge Wilkinson, Judge Niemeyer, and Judge Duncan.

2

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 31, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-772**
**(4:10-cr-00049-FL-2)**

_____

In re:  DEVONTRA TYSON, a/k/a Devonta Arnaez Tyson,

        Movant.

_____

O R D E R

_____

Devontra Tyson has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Tyson has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We therefore grant authorization for Tyson to file in the district court a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

2

    Entered at the direction of the panel: Judge Wilkinson, Judge Keenan, and Judge Thacker.

                                    For the Court

                                    /s/ Patricia S. Connor, Clerk

FILED: May 31, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-561
(1:05-cr-00053-WMN-1)

In re:  DONTE LAMONT BROWN,

        Movant.

O R D E R

Donte Lamont Brown has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Brown has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257, 1265 (2016), may apply to his case.  We grant authorization for Brown to file a second or successive § 2255 motion thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

Entered at the direction of the panel:  Judge Wilkinson, Judge Gregory, and Judge Shedd.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: May 31, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-544**
**(1:10-cr-00144-RDB-1)**

---

In re:  TYRONE DALE,

Movant.

---

O R D E R

---

Tyrone Dale has filed a motion pursuant to 28 U.S.C. § 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Dale has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257, (2016), may apply to his case.  We therefore grant authorization for Dale to file in the district court a second or successive § 2255 motion.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

2

Entered at the direction of the panel: Judge Gregory, Judge

Duncan, and Senior Judge Davis.


For the Court


/s/ Patricia S. Connor, Clerk

Appeal: 16-737     Doc: 8-2      Filed: 05/31/2016     Pg: 1 of 2

FILED: May 31, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-737
(1:10-cr-00052-CCB-1)

_____

In re:  JOHN FITZGERALD LEGRAND,

            Movant.

_____

O R D E R

_____

John Fitzgerald Legrand has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Legrand has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We grant authorization for Legrand to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

2

Entered at the direction of the panel: Judge Duncan, Judge Diaz, and Judge Harris.

For the Court

/s/ Patricia S. Connor, Clerk

Appeal: 16-559     Doc: 8-2     Filed: 06/01/2016     Pg: 1 of 2

FILED: June 1, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-559**
**(1:09-cr-00219-RDB-3)**

_____

In re: TODD BELL,

      Movant.

_____

O R D E R

_____

Todd Bell has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. Bell has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case. We grant authorization for Bell to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance. The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

Entered at the direction of the panel: Judge Diaz, Judge Harris, and Senior Judge Davis.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: June 1, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-621
(1:05-cr-00061-JFM-1)

In re:  NAKIE HARRIS,

       Movant.

O R D E R

Nakie Harris has filed a motion pursuant to 28 U.S.C. §§ 2244(b), 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Harris has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We grant authorization for Harris to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of § 2255(f)(3) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

Entered at the direction of the panel:  Judge King, Judge Agee, and Judge Wynn.

For the Court

/s/ Patricia S. Connor, Clerk

2

Appeal: 16-596    Doc: 9-1    Filed: 06/01/2016    Pg: 1 of 2

FILED: June 1, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-596**
**(1:08-cr-00511-WDQ-3)**

---

In re:  WILLIAM ORTIZ LAZARO,

        Movant.

---

O R D E R

---

William Ortiz Lazaro has filed a motion under 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Lazaro has made a prima facie showing that a new rule of constitutional law announced in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review in <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), may apply to his case. Accordingly, we grant Lazaro authorization to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitation period under 28 U.S.C. § 2255(f)(3) for filing a § 2255 motion based on <u>Johnson</u> expires on June 26, 2016.

2

Entered at the direction of the panel:  Judge Gregory, Judge Keenan, and Judge Wynn.

For the Court

/s/ Patricia S. Connor, Clerk

2

FILED: June 1, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-629
(8:09-cr-00048-AW-1)

In re: LLOYD MACK ROYAL, III, a/k/a Blyss, a/k/a B, a/k/a Furious,

Movant.

O R D E R

Lloyd Mack Royal, II has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. Royal has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case. We grant authorization for Royal to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance. The one-year limitations period of 28 U.S.C. § 2255(f)(3) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

2

Entered at the direction of the panel: Judge Wilkinson, Judge King, and Judge Diaz.

For the Court

/s/ Patricia S. Connor, Clerk

Appeal: 16-597    Doc: 8-2    Filed: 06/02/2016    Pg: 1 of 2

FILED: June 2, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-597**
**(1:09-cr-00608-RDB-5)**

In re:  GEORGE LALOUDAKIS,

Movant.

O R D E R

George Laloudakis has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Laloudakis has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We grant authorization for Laloudakis to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

2

Entered  at  the  direction  of  the  panel:  Judge  Niemeyer, Judge King, and Judge Agee.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: June 2, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-625**
**(1:05-cr-00061-JFM-5)**

In re:  RICHARD ROYAL,

　　　　　Movant.

O R D E R

Richard Royal has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Royal has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We grant authorization for Royal to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) (2012) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

2

Entered at the direction of the panel: Judge Niemeyer, Judge King, and Senior Judge Davis.

For the Court

/s/ Patricia S. Connor, Clerk

Appeal: 16-828     Doc: 10-2          Filed: 06/08/2016     Pg: 1 of 2

FILED: June 8, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-828**
**(1:00-cr-00087-JPJ-3)**

In re:  MARK EDWARDS, SR.,

        Movant.

O R D E R

Mark Edwards, Sr., has filed a motion pursuant to 28 U.S.C. § 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Edwards has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  We therefore grant authorization for Edwards to file in the district court a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) for filing a § 2255 motion raising a claim

relying on the Supreme Court's decision in <u>Johnson</u> expires on June 26, 2016.

Entered at the direction of the panel: Judge Wilkinson, Judge Motz, and Judge King.

For the Court

<u>/s/ Patricia S. Connor, Clerk</u>

2